UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KUNES COUNTRY AUTOMOTIVE MANAGEMENT
INC, and IGNITION DEALER SERVICES, INC.

           Plaintiffs,

           Case No. 23-cv-1204-bhl

   v.

SPENCER WALTERS, et al

           Defendants.

## ORDER DENYING EXPEDITED MOTION TO COMPEL

On November 5, 2024, Defendants Spencer Walters, Consumer Retention Team LLC, Everly Investments LLC, Michael Barkes, and Christbell Hwang (collectively, the Walters Defendants), filed an expedited non-dispositive motion under Local Rule 7(h), invoking Federal Rule of Civil Procedure 15(d) and seeking to compel Plaintiffs "to respond to Interrogatory No. 5 and provide the mathematical calculations for their damages." (ECF No. 122.) Plaintiffs filed an opposition on November 12, 2024, insisting that they have complied with their Rule 26 discovery obligations by providing a reasonable approximation of their damages and that Rule 15(d) has no relation to the Walters Defendants' motion. (ECF No. 124.) Because the record confirms that Plaintiffs are correct, the Court will deny the Walters Defendants' motion.

As an initial matter, Plaintiffs are correct that Federal Rule of Civil Procedure 15(d) has no relevance here. Rule 15 governs amended and supplemental pleadings, not discovery responses. While Rule 15(d) authorizes the Court to permit a party to supplement its pleadings to include any transaction, occurrence, or event that happened after the time to supplement has passed, this relates to pleadings, not discovery responses. The Walters Defendants request that the Court order Plaintiffs to supplement their discovery responses more appropriately implicates Rule 26(e), which requires a party to update or supplement a discovery response if it learns the response is incomplete or incorrect or based on newly discovered information. Also relevant is Rule 37(a), which

authorizes a party to move for an order compelling disclosure if its adversary has not complied with the discovery rules.

The Walters Defendants correctly state that Rule 26(a)(1)(A)(iii) required Plaintiffs to provide, in their initial disclosures, "a computation of each category of damages claimed" and to make available the documents or other evidentiary materials used to calculate those damages. The record confirms that Plaintiffs provided a comprehensive list of their categories of damages in their May 31, 2024 initial disclosures, but indicated they were not in a position to identify specific amounts because "[s]uch damages cannot be computed at this time without further discovery and expert assistance." (ECF No. 123-1 at 12–13.)

On May 29, 2024, the Walters Defendants later served interrogatories and requests for production, in which they asked Plaintiffs to provide specific information concerning their damages. (ECF No. 123-2 at 48–49.) Plaintiffs responded on June 28, 2024 with the following estimates:

(1) Lost revenue related to unauthorized commission from SideCars to Walters/Everly, which rightfully belonged to Plaintiffs: $764,134.

(2) Expected gross profit from reinsurance company based on SideCars' inaccurate estimates, leading to under-reserves: $12,744,713.

(3) Tortious interference with Morgan Auto Group (4-year estimate): $76,130,249.

(4) Tortious interference with Laura Auto Group (8-year estimate): $2,400,000.

(5) Money owed by CRT to IDS for onboarding CRT's employees in August 2022, equal to 23% of CRT's monthly revenue: $27,600.

(6) Fair market value of E4U stock purchased by Walters using commissions generated by Ignition accounts: $179,819.64.

(7) Trade Secret Misappropriation: TBD.

(8) Reputation damage to IDS and damage to existing client relationships: $100,000.

(9) Attorney's Fees: $500,000.

(ECF No. 123-3 at 89, 97.) The Walters Defendants contend that these estimates are insufficient and "request an order compelling the Plaintiffs to immediately produce the calculations for their damages, along with all the documents used and/or relied upon for the same." (ECF No. 122 at 3.)

In response, Plaintiffs argue that they have disclosed their damages to the extent possible at this stage in the litigation and have complied with their obligations under Rules 26 and 33. (ECF No. 124 at 3.) They note that discovery remains ongoing and explain they have "yet to receive many of the key documents necessary to provide [] exact damages computations, including documents from [Defendant] SideCars and documents from third parties that Plaintiffs have subpoenaed." (*Id.* at 2.) Plaintiffs further contend that both the Walters Defendants and SideCars (d/b/a TruWarranty) have thus far failed to produce requested documents that are imperative to Plaintiffs' damages calculations. (*Id.* at 2–3.)

Based on the record provided to the Court, Plaintiffs appear to have responded properly, at least at this stage in the proceedings. While Rule 26 requires initial disclosures to include "a computation of each category of damages claimed," Plaintiffs have shown that they have provided rough estimates to the best of their ability. This is sufficient *for now*. When initial disclosures are made, "rough estimates" of damages may be all a claimant is able to provide. *See Dynegy Mktg. & Trade v. Multiut Corp*, 648 F.3d 506, 514 (7th Cir. 2011). The same is true for Plaintiffs' response to the Walters Defendants' written discovery requests *at this stage*. These proceedings remain in the discovery phase with discovery still open and not all documents produced. Consistent with Rule 26(e), Plaintiffs have a duty to supplement their disclosures and discovery responses in a timely fashion when more information becomes available to them. If Plaintiffs fail to comply with this obligation, the Walters Defendants may renew their motion. And if Plaintiffs do not ultimately disclose facts sufficient to support their requested damages, Rule 37(c)(1) will prohibit them from using any undisclosed information to support their positions at summary judgment or trial.

Accordingly,

**IT IS HEREBY ORDERED** that the Walters Defendants' Rule 7(h) Motion to Compel, ECF No. 122, is **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin on November 18, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge